**In re CHARGES OF UNPROFESSIONAL CONDUCT AGAINST 95–30, an Attorney at Law of the State of Minnesota.**

No. C9–96–240.

Supreme Court of Minnesota.

July 11, 1996.

Richard J. Harden, Oakdale, for appellant.

Office of Lawyer's Professional Responsibility, Marcia A. Johnson, Henry C. Granison, St. Paul, for respondent.

## OPINION

PER CURIAM.

The appellant attorney was admitted to practice law in Minnesota in 1980 and currently practices in a two person criminal defense and personal injury firm. After receiving information regarding appellant's advertising practices, the Director of the Office of Lawyers Professional Responsibility (Director) conducted an investigation and concluded that the appellant's telephone directory advertisement and letterhead contained false or misleading communications about the appellant's practice, in violation of Minn.R.Prof.Conduct 7.1(a) and 7.5. On May 31, 1995, the Director issued a private admonition pursuant to Rule 8(d)(2), Rules on Lawyers Professional Responsibility (RLPR). The appellant demanded a Lawyers Professional Responsibility Board Panel hearing pursuant to Rule 8(d)(2)(iii), RLPR, and the panel affirmed the admonition, agreeing with the Director that the appellant's conduct violated Minn.R.Prof.Conduct 7.1(a) and 7.5 but was isolated and nonserious. We disagree with the panel and reverse the admonition.

The facts are essentially undisputed. The appellant placed an advertisement in the 1993 Minneapolis Yellow Pages containing the statement "we have an office near *you:* Anoka, Arden Hills, Brooklyn Center, Columbia Heights, Coon Rapids, Eden Prairie, Minneapolis, St. Louis Park, St. Paul." His law firm letterhead also contained the representation that he had "OFFICES LOCATED AT: Anoka, Arden Hills, Brooklyn Center, Columbia Heights, Coon Rapids, Eden Prarie, Minneapolis, St. Louis Park, St. Paul." Of the appellant's "offices," all but two of them are office buildings where the appellant had occasionally rented conference rooms on an hourly basis to meet with clients. Of the other two locations, one of them is also a conference room that the appellant leases on a monthly basis. The last location is a fully staffed office and, according to the appellant's testimony, is the appellant's primary office.

The Hennepin County District Ethics Committee (DEC) investigator concluded, and the panel agreed that the appellant in

fact had only two offices: the one that appellant called the primary office, and the conference room that appellant leases on a monthly basis. As for the other locations, according to the panel, the appellant only "used offices in those locations to confer with clients and others on an irregular basis as needed, renting them for the occasion on an hourly basis." Therefore, the panel concluded that appellant's statements in the advertisement and on the stationery were false and misleading communications. The appellant disputes this conclusion, arguing that each of the nine locations qualifies as an "office," defined as a place where a professional person conducts business. At the panel hearing the appellant testified that no client or prospective client had ever complained about the advertisement or letterhead and that some had expressed appreciation that the appellant made convenient locations available. Nevertheless, after the DEC investigation began and before the admonition was issued, the appellant changed the letterhead from "offices located at" to "appointments may be scheduled at."

■ A Director's admonition should be affirmed by the panel if it is supported by clear and convincing evidence, Rule 9(i)(1), RLPR, and this court reviews the panel decision under the clearly erroneous standard. *In re Admonition issued to X.Y.,* 529 N.W.2d 688, 689 (Minn.1995).

Minn.R.Prof.Conduct 7.1(a) provides:

[a] lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading.

Rule 7.5 provides in relevant part, "[a] lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1."

■ The issue before us, then, is whether the appellant's use of the phrases "we have offices" and "offices located in," to refer to the conference room arrangements, was a *material* misrepresentation of fact or omitted any fact necessary to make the statement

considered as a whole not *materially* misleading. *See* Minn.R.Prof.Conduct 7.1(a). Although we agree that the representations were vague, and we believe attorneys should be more forthcoming in their advertisements, we cannot say that the appellant's conduct warranted discipline. The Director presented no evidence disputing appellant's testimony that the statements were made to inform readers that they would not have to drive to a distant location to meet their attorney. Nor was there any evidence that whether the appellant met with clients in a fully staffed office or in a private conference room was material to the readers of the statements. We do not find clear and convincing evidence that the appellant's representations were *materially* misleading.

This court does not condone the use of unclear or less than wholly straightforward language in lawyer advertising. We expect attorneys to provide accurate and complete information that will assist people in making fully informed decisions about legal representation. Our conclusion that discipline was not appropriate under these facts does not indicate that we approve altogether of the appellant's conduct.

So long as lawyer advertising is not false, fraudulent, misleading or deceiving, it passes constitutional muster and the disciplinary code, but one hopes for more. * * * Simply because free speech allows us to make fools of ourselves is no reason we should avail ourselves of the opportunity. For then, sadly, it is the whole profession that suffers.

*In re Discipline of Kotts,* 364 N.W.2d 400, 407 (Minn.1985) (Simonett, J., concurring specially).

The appellant did change the language of the statements during the course of the DEC investigation to remove any possible ambiguity. This improvement by appellant is commendable because it showed a willingness to cooperate with the Director's Office and avoid further disputes. But more importantly, the substance of the alteration converted the language into a clearer representation of what the appellant offers his clients. We

should be able to expect this level of clarity in all attorney advertising.

Reversed.

ANDERSON and STRINGER, JJ., took no part in the consideration or decision of this case.

COYNE, Justice (dissenting).

Although I agree that the Rules of Professional Responsibility do not define "office," it seems to me that the ordinary use and commonly accepted meaning of "office" suggests a permanency of presence. Surely, one would expect a lawyer's office to be staffed by a receptionist, a secretary, or a legal assistant to answer the telephone during business hours and to assist a walk-in client.

It may well be that neither the complainant nor any other person has sustained damage by reason of this lawyer's advertising, but the indication to the reader that this lawyer is the senior or managing partner of a thriving law firm that is so large that it maintains nine offices throughout the metropolitan area seems to me to be misleading and deceptive and, therefore, deserving of admonition. Therefore, I would affirm.